Grimke, J.
Section 109 of the practice act declares, that the party desirous of appealing his cause to the Supreme Court shall, at the term of the court of common pleas in which judgment is rendered, enter on the records of the court notice of such intention.
It is evident that the docket of the court is not, in any sense of the word, a record. It is a list of the causes made out for the convenience of the judges, and in which, on the other hand, memorandums are made for the convenience of the clerk. These memorandums are abbreviated as much as possible, because they are intended as mere hints to the recollection of the clerk, so that a decree in chancery which would fill several pages may be signified by only three words. This docket is not required by law to be preserved as a record, nor is it in fact actually so preserved. It might fall into the hands of any private individual after the adjournment of the court, and entries might then be made upon it, which it might be difficult, perhaps impossible, to distinguish from such as were *made during the term. What infinite mis- [201 chief might be produced, if' a memorandum appearing upon this docket at a subsequent term should be considered as a compliance with the law. We might commit general injustice in an attempt to remedy a private inconvenience. Nothing is more common than for a party to give notice of appeal with only a faint intention to cany the same into execution, or having formed the resolution he may have abandoned it almost immediately. The fact that notice of his intention appears on the docket, and yet not on the journal, may be evidence that he has countermanded the notice if he ever gave one; for it will bo observed, that the journals of the court are read every morning, for the very purpose of correctingall mistakes and supplying all omissions which may have been made. If not then done; the presumption is that the party interested did not intend that it should bed'me.
A party who has recovered a judgment may listen every morning to the reading of the journal, or he may, on the adjournment oí the court, cause the journal to bo examined, and, finding that no notice of appeal has been given, he may well consider the *202 cause as finally disposed of, and never make any preparation for a future trial of which he has never obtained information. He may be a non-resident, may leave the state immediately on the termination of the suit in the common pleas, and may not, for years, be in a situatio.n to receive notice. Unless the court making an order affecting his interests, nunc pro tunc, are also bound to carry information of the fact home to him, he may bo irreparably injured. I hold it is the duty of every court so to administer the law as to promote the substantial interests of the litigants, and even, if possible, to cure the errors and help out the mistakes of a party; but this is not possible where, by its interference, the interests of another may be injuriously'affected. The order which was made in this case must be regarded as void and not merely erroneous, and the motion to dismiss the appeal must prevail.
Motion granted. .